**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **ARETHA WILEY,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CENTENE MANAGEMENT COMPANY, LLC,**<br><br>*Defendant.* | CAUSE NO. 3:24-CV-124-CWR-ASH |

**ORDER**

Defendant filed four motions in limine. Docket Nos. 46, 48, 50, and 52. They are resolved as follows:

Defendant's first motion in limine seeks an order precluding Plaintiff from discussing or offering evidence related to the fact that Centene is a foreign limited liability company in Mississippi, is not headquartered in Mississippi, and/or was not organized in Mississippi. Plaintiff concedes that she has no intention of offering any such evidence. The motion, Docket No. 46, is granted.

Defendant's second motion in limine seeks an order precluding Plaintiff from discussing or offering evidence related to the size, specialty, or location of Centene's attorneys, Littler Mendelson, P.C. Again, Plaintiff concedes that she has no intention of offering any such evidence. The motion, Docket No. 48, is granted.

Defendant's third motion in limine seeks to exclude evidence or mention of Plaintiff's dismissed or unasserted claims. In a prior Order, the Court granted summary judgment in Defendant's favor on Plaintiff's claims of race discrimination, disability discrimination, and

emotional distress. Defendant's motion is granted to the extent that Plaintiff may not present evidence related solely to any of those dismissed claims or any other unasserted claims. *See, e.g.*, *McCon v. Perez,* No. 1:17-CV-77-LG-RHW, 2018 WL 4006971, at *2 (S.D. Miss. Aug. 20, 2018) ("[E]vidence and argument that solely concerns dismissed claims are matters that are both irrelevant and unduly prejudicial."). To the extent any evidence that she may have presented in support of those claims may be used to support her surviving claim, she may present such evidence for that purpose. *See Hankins v. Ford Motor Co.*, No. 3:08–CV–639–CWR–FKB, 2012 WL 174793, at *5 (S.D. Miss. Jan. 20, 2012) ("Evidence inadmissible for one purpose may be admissible for another purpose[.]"). Defendant's motion, Docket No. 50, is granted in part and denied in part.

Defendant's final motion in limine seeks an order precluding Plaintiff, her counsel, and her witnesses from introducing evidence or argument regarding the timing of Centene's response to Plaintiff's 2022 Charge of Discrimination with the Equal Employment Opportunity Commission. Defendant expresses concern that the timing of its response could unfairly prejudice Centene by improperly implying that Centene purposefully delayed its response to the 2022 Charge as a means to establish that Centene acted unfairly or improperly toward Plaintiff. In response, Plaintiff indicated that she does not intend to convince the jury that Centene was aware of the Second EEOC Charge when it was first sent. This alleviates Defendant's concern. Moreover, the timing of Defendant's response to Plaintiff's EEOC Charge, upon becoming aware of it, is relevant to Plaintiff's surviving claim. *See Garcia v. Prof. Contract Servs., Inc.*, 938 F.3d 236, 241 (5th Cir. 2019) ("[T]he prima facie case's causation requirement could be satisfied by showing 'close timing between an employee's protected activity and an adverse action against him.'") (quoting *Feist v. La., Dept. of Justice, Office of*

*Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013)); *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 219 (5th Cir. 2016) ("[T]he close timing between her protected activity and the denial of a raise—about two months—is sufficient to show causal connection for purposes of a prima facie case."); Docket No. 42 at 4 (discussing the issue of this timing in the context of Plaintiff's surviving retaliation claim). Therefore, the order sought by Defendant is too broad. Defendant's motion, Docket No. 52, is denied.

**SO ORDERED**, this the 10th day of September 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE